IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Danny Rayburn Smith, ) | Civil Action No.: 8:10-cv-00930-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kenyon, Lusk, Anderson Attorneys at ) | |
| Law, and Robert Lusk, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is Plaintiff Danny Rayburn Smith's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks. This matter is before the Court upon the *pro se* Plaintiff's Complaint, which appears to assert claims of fraud, negligence, and professional liability stemming from alleged "lawyer misconduct." Specifically, the Plaintiff claims that he hired Attorney Lusk to represent him in several cases, but Attorney Lusk failed to make an appearance on his behalf. In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice and without issuance and service of process.

**Procedural History**

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the Complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge issued an R&R on May 20, 2010, in which she recommends that the Court summarily dismiss the Complaint because the Court lacks jurisdiction over the Plaintiff's claims. Subsequently, the Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Plaintiff objects to the Magistrate Judge's findings that this Court lacks jurisdiction to entertain his claims for fraud, negligence, and professional liability. The Plaintiff sums up his objections as follows:

> The attorney Mr. Robert Lusk has violated the Plaintiff's Federal and States Constitutional rights, and has acted under the color of law, because Mr. Robert Lusk is a member of the State Bar of South Carolina and therefore his duty by oath of the Bar, that Mr. Robert Lusk Minister falls under the Federal Constitutional Laws, in which gives this Court jurisdiction for the laws and means to hear this case.

*Objections,* pp.9-10. As such, it appears as though the Plaintiff is claiming that the Defendants were acting under the color of state law, and therefore he has a 42 U.S.C. § 1983 claim, because Attorney Lusk is a member of the South Carolina Bar.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Jenkins v. Medford,* 119 F.3d 1156, 1159-60 (4th Cir. 1997). The "under color of state law" element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Herman v. Lackey,* 309 Fed. Appx. 778, 782 (4th Cir. 2009) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & n.2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & n.8-16 (1981) (public defender). Similarly, holding a position as a member of the South Carolina Bar does not constitute acting "under color of state law" or create "state action." *See Olszowy v. Schmutz,* No. 9:09-01662, 2009 WL 3698387 (D.S.C. Nov. 3, 2009).

Thus, the Plaintiff has failed to assert a basis to find that the Defendants in the instant matter acted under color of state law. As a result, the Plaintiff has failed to establish a jurisdictional prerequisite for this Court to entertain his claims. Generally, such professional services disputes containing allegations of negligence or malpractice are matters of state law to be heard in state courts unless diversity of citizenship is present.[1] *See, e.g., Mitchell v. Holler,* 429

---

[1] As the Magistrate Judge discussed in the R&R, this Court has no diversity jurisdiction pursuant to 28 U.S.C. § 1332 over this case because the Plaintiff clearly alleges in his Complaint that the Plaintiff and Defendants are all residents of South Carolina. Notably, the Plaintiff does not object to this finding.

S.E.2d 793 (S.C. 1993); *Yarborough v. Rogers,* 411 S.E.2d 424 (S.C. 1991). In the absence of either diversity or federal question jurisdiction over the parties' dispute, this matter should be summarily dismissed.

## **Conclusion**

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Complaint is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
June 10, 2010